# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS P. COOK,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-01347-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED AS BARRED BY THE *YOUNGER* ABSTENTION DOCTRINE AND FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 1)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

## I. BACKGROUND

Thomas P. Cook ("Plaintiff"), a prisoner in the custody of the Fresno County Sheriff's Office, is proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by filing a Complaint against Rick Barclay, Jeffrey D. Hammel, and the County of Fresno (collectively, "Defendants") on October 1, 2018. (ECF No. 1).

The Court has screened the Complaint under the applicable legal standards and finds that it is barred by the *Younger* abstention doctrine, and, in any event, fails to state a cognizable claim under 42 U.S.C. § 1983. The Court recommends that the assigned district judge dismiss this action without leave to amend as the deficiencies in the Complaint cannot be cured by

amendment. If Plaintiff believes that the Court's recommendations are in error, Plaintiff may file objections within twenty-one days of the date of service of this order.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The Court is also required to screen complaints by litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides, in pertinent part, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that he is the defendant in a criminal case in Fresno County Superior Court. On December 21, 2017, Plaintiff filed a *Faretta v. California* motion to proceed *pro se* in the criminal proceeding, which the Superior Court granted. Plaintiff also requested, and the Superior Court granted, state funded investigative and paralegal services.

On January 25, 2018, the Superior Court appointed a paralegal, Jeffery D. Hammel, to assist Plaintiff. Plaintiff alleges that he gave Mr. Hammel an itemized list of legal requests, but Mr. Hammel debated him on each request. Mr. Hammel also refused to file a motion for appointment of advisory counsel, issue subpoenas, find an expert witness, and assist in obtaining documentary and *Brady v. Maryland* materials, such as impeachment evidence and exculpatory evidence. Mr. Hammel also gave privileged information to the District Attorney.

On February 15, 2018, the Superior Court appointed an investigator, Rick Barclay. Mr. Barclay has refused to investigate witnesses, serve subpoenas, and obtain documentary, impeachment, or exculpatory evidence.

Plaintiff further alleges that Mr. Hammel and Mr. Barclay have deprived him of his right to self-representation by hampering his preparation for trial and by providing misleading and dishonest information about his rights as a *pro se* defendant as well as substantive, procedural, and evidentiary rules concerning the issues in his case.

Plaintiff also alleges that the County of Fresno has a legal obligation to ensure its contractors in their employment perform to a legal and constitutional standard. Mr. Hammel and Mr. Barclay are contracted through state funding but have failed to perform their duties under the contract.

Plaintiff also alleges that Mr. Hammel and Mr. Barclay hold a monopoly on the Pro Se Program in Fresno County with the Superior Courts' and County of Fresno's blessing. Plaintiff has requested a list of approved investigators and paralegals in open court, but his request has been denied. The Superior Court determines who is on the approved list of investigators and paralegals. Plaintiff further alleges that his family has looked into the process for approving paralegals and investigators, and Mr. Hammel and Mr. Barclay are the only persons on the

approved list, even though other people have applied to provide services to *pro se* litigants.

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. *YOUNGER* ABSTENTION

Initially, this action is barred by the *Younger* abstention doctrine. Under the *Younger* abstention doctrine, federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994). This doctrine is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("[T]he underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions . . . ."). Consequently, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

"Abstention is appropriate in favor of state proceedings if (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff an adequate opportunity to litigate federal constitutional questions." *Aiona*, 17 F.3d at 1248 ("If these three circumstances exist, then 'a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief"). "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988) (emphasis in original).

It appears that Plaintiff's state criminal proceeding is ongoing. Any ruling by this Court regarding the effectiveness of the court-appointed investigator and paralegal would interfere with the criminal proceeding. Furthermore, Plaintiff has an adequate opportunity to litigate any federal constitutional questions concerning the appointments in the criminal proceeding.

4

Accordingly, the Court must abstain from interfering with the ongoing state criminal proceeding or any appeal.

### B. SECTION 1983 LIABILITY

In any event, Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").

A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is

clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant during trial do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n. 12 (9th Cir.1992). Likewise, publicly appointed investigators and paralegals do not act under "color of state law" within the meaning of section 1983. *See Carter v. Lopez*, No. 1: 14-CV-01818-AWI, 2015 WL 429669, at *2 (E.D. Cal. Feb. 2, 2015) ("Plaintiff cannot state a claim against his court-appointed investigator, as an investigator is subject to the direction of the attorney in the course of the attorney performing his traditional function."); *Labon v. Martel*, No. CV 14-6500-DSF (KES), 2016 WL 8470181, at *13 (C.D. Cal. July 21, 2016), *report and recommendation adopted*, No. CV1406500DSFKES, 2017 WL 986358 (C.D. Cal. Mar. 13, 2017) ("When a criminal defendant decides to represent himself, he assumes the obligation to conduct an adequate investigation, including the responsibility to make sure his court-appointed investigator does his job").

Here, Plaintiff fails to state a cognizable claim against Mr. Hammel, a paralegal, and Mr. Barclay, an investigator. Although they were appointed by a court and may be compensated through public funds, Mr. Hammel and Mr. Barclay are subject to the direction of Plaintiff. They are, therefore, not clothed with the authority of state law. Thus, Mr. Hammel and Mr. Barclay are not state actors within the meaning of § 1983.

Furthermore, Plaintiff does not allege that Mr. Hammel and Mr. Barclay deprived him of a recognized constitutional right. Plaintiff alleges that Mr. Hammel and Mr. Barclay deprived him of his right to self-representation. However, "[n]othing in *Faretta* or subsequent Supreme Court authority qualifies the right to self-representation with a parallel right to effective assistance from a court-appointed investigator." *Thompson v. Lewis*, No. C01-3697VRW(PR), 2003 WL 715900, at *4 (N.D. Cal. Feb. 24, 2003); *see also Olic v. Knipp*, No. SACV131194MWFSP, 2015 WL 10438925, at *6 (C.D. Cal. Dec. 15, 2015), *report and recommendation adopted*, No. SACV131194MWFSP, 2016 WL 1032766 (C.D. Cal. Mar. 9,

6

2016) ("Just as a defendant who chooses to represent himself cannot thereafter make a claim of ineffective assistance based on the deficient performance of his standby counsel, so too is petitioner precluded from claiming ineffective assistance based on the deficient performance of his investigator."). On the contrary, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975); *see also United States v. Cochrane*, 985 F.2d 1027, 1029 (9th Cir. 1993) (rejecting as a matter of law arguments on the basis of ineffective assistance by a *pro se* defendant who made some use of the standby counsel appointed to assist him). Accordingly, Plaintiff fails to state a cognizable claim against Mr. Hammel and Mr. Barclay.

**C. MUNICIPAL LIABILITY**

"Local governing bodies can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where the plaintiff can "satisfy the requirements for municipality liability established by *Monell* and its progeny." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)). Under *Monell*, an entity defendant can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. 436 U.S. at 694. A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

Plaintiff's only allegations against the County of Fresno is that it "has a legal obligation to ensure its contractors in their employment perform to a legal and constitutional standard" and that Mr. Hammel and Mr. Barclay have monopolized the *pro se* services with the County's blessings. However, as alleged in the Complaint, Mr. Hammel and Mr. Barclay are not

7

contractors or employees of the County of Fresno. Furthermore, Plaintiff alleges that the Superior Court, not the County of Fresno, is responsible for maintaining a list of approved investigators and paralegals. Plaintiff thus fails to allege that the County of Fresno executed a policy or custom that deprived him of his constitutional rights. Accordingly, Plaintiff fails to state a cognizable § 1983 claim against the County of Fresno.

## V. CONCLUSION AND RECOMMENDATION

The Court has screened the Complaint under the applicable legal standards and finds that it is barred by the *Younger* abstention doctrine and, in any event, fails to state a cognizable claim under 42 U.S.C. § 1983. The Court does not recommend that Plaintiff be granted leave to amend because the deficiencies in the Complaint cannot be cured by amendment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed as barred by the *Younger* abstention doctrine and for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE